**REID v. DAY & ZIMMERMAN, Inc.**

Civ. No. 145.

District Court, S. D. Iowa,
Ottumwa Division.

Sept. 25, 1947.

John Hale and Don K. Walters, both of Burlington, Iowa, for plaintiff.

Ben P. Poor, of Burlington, Iowa, for defendant Day & Zimmerman, Inc.

DEWEY, District Judge.

Suit was instituted by this plaintiff against Day & Zimmerman to recover overtime compensation for work which he claims was performed by him in excess of 40 hours a week between the periods of August 21, 1941, to November 16, 1943, while he was employed as chief receiving clerk, assistant storekeeper and storekeeper by the defendant.

The United States of America, as a part of its war activity constructed an Ordnance Plant fully equipped on a tract of land about six miles square near the City of Burlington, Iowa, in 1940, and the defendant, as an independent contractor, commenced operations of the plant on or about the 21st day of August, 1941.

The parties have entered into a stipulation with reference to many of the facts,

and the defendant now claims that the amendment to the Federal Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., of May 14, 1947, changed the substantive and remedial law with reference to the rights of the parties for overtime compensation, and, in conformity with the agreements in said stipulation, additional evidence was introduced by the defendant on its claims that the defendant is relieved from liability, if any, by virtue of the provisions of Section 9 of said amendment and that, in any event, it is relieved from the payment of any liquidated damages by virtue of the provisions of Section 11 of said amendment to the Act. This amendment to the Fair Labor Standards Act is known as the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq.

Although plaintiff was employed as an executive and received pay as such, with the understanding that his compensation was payment for all services performed by him, yet he now claims that he was not an executive within the definition as delimited by the Administrator of the Wage and Hour Division under the Act and is entitled to his overtime compensation as a nonexempt employee during the period in question.

And plaintiff also claims that those portions of the Portal-to-Portal Act, upon which the defendant relies, are unconstitutional as depriving the plaintiff of vested rights. I am unable to agree with this latter contention. See Burfeind v. Eagle-Picher Co. of Texas, D.C., 71 F. Supp. 929, and the cases therein cited by Judge Atwell. Also, Boehle v. Electro Metallurgical Co., D.C., 72 F.Supp. 21; and Norman v. Baltimore & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352.

The contract between the Government and this defendant, Day & Zimmerman, is introduced in evidence and it provides, among other things, that Day & Zimmerman, as the contractor, was to process bombshells of a large caliber by the operation of the plant above referred to as an independent contractor and not as an agent of the Government.

This operation contract between the Government and Day & Zimmerman also provides for the supervision of all the operations of this defendant by the Ordnance Department of the United States Army and that the Ordnance Department would maintain offices on the Iowa Ordnance plant grounds with unlimited power and authority to direct the work in all its phases in the processing of the materials furnished by the Government.

Section 9 of the Portal-to-Portal Act above referred to provides, among other things, as follows: "In any action or proceeding commenced prior to or on or after the date of the enactment of this Act based on any act or omission prior to the date of the enactment of this Act, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, * * * if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, * * *."

The evidence does establish that the War Department through the Ordnance Department of the United States Army maintained at the plant a commanding officer and an executive force and staff to supervise and direct and control the operations of the defendant. And Mr. Skilling, the comptroller for Day & Zimmerman, states that he relied upon this constant checking of the Ordnance Department and that the officers knew of and raised no objection to the exempt classification of the plaintiff as an executive. Defendant claims therefore that it relied upon the supervision of this agency of the Government and consequently from this and other evidence it claims that if the plaintiff was not an executive under the Fair Labor Standards

Act, then this defendant is excused from compliance with the Act by reason of its good faith in relying upon the administrative approval of the acts or omissions complained of, and his classification as an executive.

I am unable to go along this far with the defendant. While the Ordnance Department did exercise control and supervision, it seems to me that the method and manner of the general organization of the employees of the defendant was left to the defendant and was only regulated by the Ordnance Department where there were violations that would affect the production of goods for use by the United States Army.

On June 22, 1943, a notice was served on all division managers and department heads in writing by the general manager of the defendant to the effect that no employee exempt from the overtime provisions of the Act shall perform work of the same nature as that performed by employees not exempt from overtime compensation "except on written direction of the Division Manager." This order was recognized by the plaintiff Harry J. Reid by his statement thereon that he would comply with it.

This notice would indicate that the parties who accepted the order had prior to that time been performing work of the same nature as that performed by employees not exempt, and that the defendant knew of such work.

The facts as stipulated, among other things, provide:

"3. That the plaintiff was employed by the defendant for a stated weekly salary intended by the defendant to be exempt from overtime compensation, and was so classified upon the records of the defendant and so paid without regard to the number of hours worked, in the various job classifications in which he worked during his employment and that he orally, or in writing, agreed to work as many hours as were required to discharge the responsibilities of his position or positions."

"5. That the amount of bonus payments and the amounts paid for time during sick leave, vacations, and leaves of absence, paid to the plaintiff prior to October 17th 1943 are as shown in the tabulations hereinafter referred to, and it is stipulated that each such payment was made under a mistaken belief of law and facts that the plaintiff was exempt from overtime compensation under the Fair Labor Standards Act, and that there is no contest as to set off of these counterclaims prior to the computation of liquidated damages."

"8. That during his entire employment the plaintiff

"(a) Had as his primary duty the management of a recognized department or subdivision of defendant's business, and

"(b) Customarily and regularly directed the work of other employees therein, and

"(c) That his suggestions and recommendations as to hiring or firing, and as to advancement and promotion, or other change of status of employees under him, were not given particular weight by the defendant prior to October 17th 1943, but were thereafter.

"(d) He customarily and regularly exercised discretionary powers, and

"(e) He was compensated for his services on a salary basis, by payments in excess of $30.00 per week."

"9. That prior to October 17th 1943 the hours of work of the plaintiff, of the same nature as that performed by nonexempt employees, exceeded twenty per cent (20%) of the number of hours worked in the workweek by the nonexempt employees under his direction."

The Fair Labor Standards Act provides that the Administrator should define and delimit what constitutes an executive.

In this definition by the Administrator as to what constitutes an executive are the provisions that his suggestion as to hiring or firing or change of status must be given weight by the employer, and that he must not perform work, exceeding 20%, of the same nature as that performed by nonexempt employees under his direction.

There can be but little doubt that some employers believed in good faith that persons who were appointed and paid as executives were really executives under the Fair Labor Standards Act, and the re-

quirement that to be an executive he must not perform work of the same nature as that performed by nonexempt employees exceeding 20% of the number of hours worked by the nonexempt employees under his direction, was overlooked or not given the attention it deserved and required.

Notwithstanding that the officers of the Ordnance Department may have approved the classification of this plaintiff as a storekeeper and exempt as such, still there is nothing to indicate that the officers of the Ordnance Department at any time knew the facts, as now stipulated, with reference to his work and also that his suggestions or recommendations as to hiring and firing were not given particular weight by the defendant during the period here under examination, and approved such actions or omissions.

I am satisfied the evidence does not establish that defendant is relieved of liability by virtue of the provisions of Section 9 of the Portal-to-Portal Act.

But as above stated, defendant claims that at least it comes within the provisions of Sec. 11 of the Portal-to-Portal Act which has to do with liquidated damages. Here again the defendant has sought to show that it is exempt from liability for liquidated damages by reason of its good faith. I am satisfied that this good faith has reference to something different than the good faith of employers in actually believing that an employee was exempt from the provisions of the Act, or came within an exempt classification. It will be noted that the Act (sec. 11) provides that two things must be shown, to wit:

1st. "That the act or omission giving rise to such action was in good faith".

2nd. "That he (the employer) had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended."

It is necessary for the defendant to plead and prove both of these actions of good faith.

The act or omission complained of was that the employee was nonexempt and was not an executive within the purview of the definition of what constitutes an executive, in that, he performed these services of the same nature as that performed by employees under him and that his recommendations for hiring and firing were not given any particular weight. Certainly, it being admitted by the stipulation of facts that the employee was not an executive, the defendant must, to establish its defense with reference to the payment of liquidated damages, plead and show that he had reasonable grounds for believing that his acts and omissions in these particulars were not a violation of the Fair Labor Standards Act. The evidence does not so establish.

The defendant frankly states in its opening statement that there is no question here of commerce or that the plaintiff was engaged in the production of goods for commerce while working for the defendant. The above questions are the only ones urged at the trial as grounds for relief and, finding them without merit, the court finds the following

### Findings of Fact.

I find:

1st. That the evidence does not establish that the defendant is relieved from liability by reason of the provisions of Section 9 of the Portal-to-Portal Act of 1947.

2nd. That the evidence does not establish that the defendant is relieved from the payment of liquidated damages by virtue of the provisions of Section 11 of the Portal-to-Portal Act of 1947.

3d. That during the period in controversy, the plaintiff worked overtime, as admitted in the stipulation of facts filed in the case, and during that period he was not an executive.

4th. That during the period the plaintiff worked for the defendant his work was in the production of goods for interstate commerce.

5th. That, by stipulation of the parties, plaintiff is entitled to pay as overtime compensation for work in excess of 40 hours in any one week in the sum of $1,477.01, less the payment of a 1942 bonus of $250, leaving a total amount due to him at this date of $1,227.01.

6th. That plaintiff is also entitled to a like amount of $1,227.01 as liquidated

damages, and to an attorney's fee, which this court fixes in the sum of $300.

And as

### Conclusions of Law

the court finds:

That plaintiff is entitled to recover as against the defendant for the sum of $2,454.02, and for costs of the action, including an attorney's fee of $300.

And it is ordered that judgment be entered in favor of the plaintiff as against the defendant in said amounts, and the Clerk will enter such judgments in the records of this court.

To each and every finding of fact and conclusion of law made by the court and to the order of the court, the defendant excepts.