WERNER, Respondent, vs. MILWAUKEE SOLVAY COKE COMPANY, Appellant.*

*February 20—March 29, 1948.*

* Motion for rehearing denied, with $25 costs, on May 25, 1948.

For the appellant there was a brief by *Lamfrom, Tighe, Engelhard & Peck* of Milwaukee, and oral argument by *Leon B. Lamfrom.*

For the respondent there was a brief by *Padway, Goldberg & Previant,* attorneys, and *David Previant* and *James A. Hedding* of counsel, all of Milwaukee, and oral argument by *Mr. Hedding.*

FOWLER, J.   The case is a portal-to-portal suit brought by an employee of the defendant in behalf of himself and other employees similarly situated to recover "in excess of $500,000, and an additional equal amount in liquidated damages, together with reasonable attorneys' fees, pursuant to sec. 16 (b) of the Fair Labor Standards Act of 1938."

The basis of the claim is that defendant failed to pay for portal-to-portal activities as time worked by the employees under the Fair Labor Standards Act, 29 USCA, sec. 201 *et seq.,* and the claim covers the six-year period of the statute of limitations.   The activities covered are time of travel on the premises to and from place of work, time for change of clothes, and for cleaning up, etc.

After the action was commenced congress passed the Portal to Portal Act of 1947, 29 USCA, sec. 251 *et seq.,* which specifically provides that such activities as are included in the complaint should not be compensated for unless covered by contract, custom, or practice in effect at the time they were performed and that no state or federal court "shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this act, to enforce liability" unless so compensable by either custom, contract, or practice in effect at the time of the activity.

After the defendant had served an answer it was permitted to serve a supplemental answer setting up the passage and

terms of the 1947 act, and the fact that the activities sued for were not covered by contract, custom, or practice in force when performed and moved for a summary judgment dismissing the complaint. The motion is supported by the affidavit of an attorney for the defendant, which is not denied, that the activities involved are all such as are covered by the 1947 act and that by the terms of the act none is compensable because not covered by custom, contract, or practice when performed and that the court is without jurisdiction to compensate them, and that the plaintiff opposed the motion to dismiss on the ground that the act of 1947 is unconstitutional.

On hearing of the motion the court declined to pass upon the constitutionality of the Portal to Portal Act until after trial of the case on the merits, although it is conceded that if the act is constitutional there can be no recovery for the activities alleged in the complaint. If the act is constitutional to submit the defendant to the expense of a trial and disruption of business such as trial of the issues of fact under the complaint and answer and supplemental answer would involve would constitute a great and unnecessary hardship, and seems plainly to deny the defendant its rights under sec. 9, art. I of the Wisconsin constitution which declares:

"Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws."

We consider that the refusal of the trial court to pass upon the constitutionality of the act was under the circumstances and the situation erroneous and we will decide the question of constitutionality and the case as we consider the court should have done upon the motion for summary judgment of dismissal.

The question involved, being as to the constitutionality of an act of congress, is purely a federal question and the final

decision of the federal courts of that question is controlling. When the supreme court of the United States has passed upon such a question its decision must be accepted by all state courts. Whether in absence of a supreme court decision the decisions of the federal inferior courts must be followed by the state courts seems to have been decided both ways—many hold that they must and fewer that they need not but must be decided according to the view of the state court even though that view be contrary to the prevailing view of the federal courts. See 14 Am. Jur., Courts, p. 339, sec. 121, and cases cited. The United States district court of the Eastern district of Wisconsin, Judge DUFFY presiding, has ruled that the Portal to Portal Act of 1947 is constitutional, and dismissed an action brought in that court under the act. *Ackerman v. J. I. Case Co.* 74 Fed. Supp. 639. Like ruling has been made by other United States district courts in the following cases: *Cochran v. St. Paul & Tacoma Lbr. Co.* 73 Fed. Supp. 288; *Hart v. Aluminum Co.* 73 Fed. Supp. 727; *May v. General Motors Corp.* 73 Fed. Supp. 878; *Reid v. Day & Zimmerman, Inc.,* 73 Fed. Supp. 892; *Sadler v. Dickey Clay Mfg. Co.* 73 Fed. Supp. 690; *Seese v. Bethlehem Steel Co.* 74 Fed. Supp. 412; also *Holland v. General Motors Corp.* 75 Fed. Supp. 274. In many other United States district court cases, not yet officially reported, have like decisions been rendered, and we are advised that there have been so far no federal or state cases brought under the act decided to the contrary. In this situation we consider that due deference to the principle of comity between courts moves, if it does not require, us to accept the unanimous ruling of the federal courts.

The movants below seem to have complied with our statute governing the rendition of summary judgments, sec. 270.635, Wis. Stats., and the order should be reversed.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with direction to enter summary judgment dismissing the complaint.