### HARRELL v. S. D. BELL DENTAL MFG. CO.

### Civ. A. 4440.

United States District Court
N. D. Georgia, Atlanta Division.

Jan. 20, 1953.

Francis Jones, Jr., Atlanta, Ga., for the plaintiff.

Wilson, Branch & Smith, Atlanta, Ga., for the defendant.

HOOPER, Chief Judge.

In this case plaintiff sued the defendant for alleged unpaid minimum wages and unpaid overtime compensation alleged to have accrued during the period from September 30, 1950 to June 18, 1952. The complaint sought to give credit in the sum of $250 of $383.95 paid on August 27, 1952 by defendant under circumstances detailed below. The complaint also sought recovery of an additional equal amount as liquidated damages, and of reasonable attorneys fees, pursuant to Fair Labor Standards Act of 1938, as amended October 26, 1949, 29 U.S.C.A. § 216(c).

The first defense alleged is that the plaintiff had expressly waived his right to maintain this action because the defendant had effected a full settlement of plaintiff's claim, in that the Administrator of the Wage and Hour and Public Contracts Divisions of the United States Department of Labor had computed amounts of back pay due plaintiff and that the defendant had paid such sum.

Attached to defendant's answer is a copy of the "receipt for unpaid wages" signed by the plaintiff on August 27, 1952, acknowledging receipt of $383.95 gross (representing social security of $5.76, withholding tax of $70.69 and net amount of $307.50). Counsel for plaintiff in open court concede that the payment and receipt of this money was made with the full knowledge, consent and approval of the United States Depart-

ment of Labor, Wage and Hour and Public Contracts Divisions, and, as recited in this receipt, that the above sum represents unpaid wages "as computed or approved by the Wage and Hour and Public Contracts Divisions for the period from July 13, 1950 to June 18, 1952."

The decision of this case turns upon the proper interpretation of Section 16(c) of the Amendment to the Fair Labor Standards Act approved October 26, 1949, Public Law 393, 81st Congress, 1st Session, 63 Statutes 910, 29 U.S.C.A. § 216(c), which reads in part as follows:

"The Administrator is authorized to supervise the payment *of the unpaid minimum wages or the unpaid overtime Compensation owing to any employee or employees* under section 6 or section 7 of this act, and agreement of any employee to accept such payment shall *upon payment in full* constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages." (Italics ours.)

The plaintiff contends that it is only in cases where it appears that the employer has in fact paid the employee "in full" that there is such a waiver by the employee as to bar further litigation. He contends that if the payment was not actually "in full" the sum so paid shall constitute a waiver only to the extent of the amount paid together with the corresponding liquidated damages and attorneys fees.

The defendant contends on the other hand, that the language of the foregoing amendment of 1949, taken along with its legislative history, means that payment by the employer, supervised by the Administrator, shall constitute a waiver by the employee of all the latter's claim.

We agree with the contentions of the defendant and interpret the Amendment of 1949 in accordance with defendant's contentions. Said Amendment of 1949 was enacted to facilitate voluntary payments by employers in full of claims against them. Such voluntary adjustments were rendered difficult under ruling of the Supreme Court in the case of Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296. The report on this proposed amendment by the House Labor Committee, H.R. 267, 81st Congress, 1st Session, March 16, 1949, made reference to the fact that the Wage and Hour Division, ever since the passage of the Fair Labor Standards Act in 1938, had followed the policy of obtaining voluntary restitution by employers, this policy resulting in payment of about 85% of the unpaid wages due, and it recited that "one of the major results of Section 16(c) in the Bill is to assure any employer who pays back wages in full under the supervision of the Secretary of Labor, that he need not worry about the possibility of suits for liquidated damages and attorneys fees." The report of the Senate Labor Committee, S.R. 640, 81st Congress, July 8, 1949, contains similar expressions.

The interpretation contended for by the plaintiff would not result in obtaining voluntary payments by employers. They would not be apt to pay the amount administratively fixed by the Department of Labor, though contending all the while they were not liable for it, unless they had assurance such payment would relieve them from further claim. It seems clear that Congress contemplated that when the Administrator, after full investigation, arrived at a sum which he considered to be the full amount due, and this amount was paid by the employer with the consent of the employee, that is the end of the matter.

Counsel for defendant may prepare judgment in accordance with this opinion.