BROACH *v.* McPHERSON.

5-303                                    264 S. W. 2d 629

Opinion delivered February 15, 1954.

*Paul K. Roberts,* for appellant.

*Edwin E. Hopson, Jr., Virgil R. Moncrief* and *John W. Moncrief,* for appellee.

ROBINSON, J. Involved in this appeal is the issue of liquidated damages and attorney's fee in a case wherein appellant Broach, a night watchman, recovered a judgment against appellee McPherson, operator of a rice mill, for minimum wages and overtime due according to the Fair Labor Standards Act, 29 USCA § 206-207.

Broach first filed this suit on June 27, 1951, alleging that as a night watchman he had not been paid the minimum wages and overtime as provided in the Federal Act, it being alleged, of course, that the defendant was engaged in interstate commerce. On a trial there was a directed verdict for the defendant on the theory that there was no substantial evidence to show that McPherson, the defendant, was the owner of the mill, or that the mill was engaged in interstate commerce. On appeal to this court the cause was reversed and remanded for a new trial. 220 Ark. 457, 248 S. W. 2d 355.

At the second trial of the case there was a jury verdict for the defendant, McPherson. Broach appealed to this court where the cause was reversed with directions to enter a judgment in his favor on the theory that the evidence showed that as a matter of law he was entitled to recover both unpaid minimum wages and unpaid overtime as provided by the Fair Labor Standards Act. Opinion delivered April 27, 1953, 222 Ark. 62, 257 S. W. 2d 565.

When the matter again came on for a hearing in the trial court, the parties agreed that Broach was entitled to judgment for unpaid minimum wages in the sum of $140.00 and unpaid overtime in the sum of $412.67. The only issue on appeal now is the question of the amount of liquidated damages and the attorney's fee allowed by the circuit court.

In addition to the sum the parties agreed on as the unpaid minimum wages and overtime, the court allowed 50% thereof as liquidated damages. Appellant Broach contends that it is mandatory that the court allow as liquidated damages 100% of the amount found to be due as unpaid wages. Also the court allowed $400 as

attorney's fee, and appellant contends that in the circumstances of this case he should be allowed an amount equal to the amount of the judgment for wages. On cross appeal appellee contends the court erred in allowing any liquidated damages, and that the attorney's fee should not be over $275.00.

The Fair Labor Standards Act of 1938 as amended, 29 USCA § 206-207, fixes the rate of pay, and § 216 (b) provides: "Any employer who violates the provisions of § 206 or § 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." In 1947 the Portal-to-Portal Amendment was adopted. 29 USCA § 260 provides: ". . . If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216 (b) of this title." Under this section it is within the discretion of the trial court to allow or disallow liquidated damages where the employer acts in good faith in connection with the wages paid. In *Neal* v. *Braughton*, 111 Fed. Sup. 775, Judge Miller of the U. S. District Court for the Western District of Arkansas said: "Plaintiff has asked for an equal amount as liquidated damages, but the court feels that under the circumstances in the case liquidated damages should not be allowed . . . The court is convinced that the defendants had reasonable grounds for believing that their actions were in conformity with the Act and that the actions were in good faith, and therefore plaintiff should not recover liquidated damages."

In the case at bar the trial court found specifically that the employer did act in good faith. The employer defended on the theory that the employee Broach worked as night watchman for two separate business concerns,

and that one of these firms was not engaged in interstate commerce; and that for the time Broach worked for the business that was engaged in interstate commerce he was paid in accordance with the Fair Labor Standards Act. The trial court found there was sufficient evidence to go to the jury on that theory, and the jury found for the defendant. Although the cause was reversed by this Court on the theory that Broach, the night watchman, was working for only one person and one business, the court was sharply divided on the question, three of the justices dissenting. Therefore the trial judge, the jury, and three members of this Court found from the evidence that McPherson had not violated the Fair Labor Standards Act, and it can hardly be said that appellee was not acting in good faith in making his contention in that respect. Therefore it is within the discretion of the court to allow or disallow liquidated damages.

Appellant contends that appellee did not plead good faith in the answer filed, and therefore can not benefit by the statute giving the court discretion in good faith cases. We believe the answer filed by defendant which sets up a defense which the trial court, the jury, and three members of this Court thought was a good defense, is a sufficient plea of good faith. Although some of the earlier cases decided before the adoption of the Portal-to-Portal Amendment held a special plea of good faith was necessary, the later cases have not made that requirement. In *Anderson* v. *Arvey Corp.*, 84 Fed. Supp. 55, it does not appear that the defendant specifically pleaded good faith, but there the court said: "The Court, however, is satisfied that the defendant acted in good faith and had ample reason to believe that its acts or omissions were not in violation of the Fair Labor Standards Act, and accordingly relieves the defendant of the payment of liquidated damages." In *Thompson* v. *F. W. Stock & Sons, Inc.*, 93 Fed. Sup. 213, it is said: "The defendant has shown 'to the satisfaction of the court that the act or omission' which gave rise to this action was in good faith; and viewing all the facts as they existed at the date of the violations, the court is of

the opinion that the defendant had reasonable grounds for believing that its conduct was not a violation of the Fair Labor Standards Act. The court therefore will award no liquidated damages.''

Next, appellant contends that the trial court should have allowed more than $400 as attorney's fee, and we agree with appellant in that respect. 29 USCA § 216 (b) provides: ''. . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'' This has been a long, hard-fought law suit, and to set out here in detail every step taken by the attorney for appellant would unduly extend this opinion. But it is shown that the cause was tried twice in the circuit court and has been appealed to this court three times. The record and briefs show that appellant's attorney has been untiring and diligent in his preparation of the case for trial, and in his research of the law; and whereas the trial court allowed him a $400 fee, we believe that $800 would be more in keeping with the amount of the judgment, the quantity of work involved, and the ability shown by the record. In *Maddrix* v. *Dize*, 155 Fed. 2d 1019, there was a judgment for $1,052.10 and the trial court allowed a fee of $75. The appellate court increased the fee to $700. In *Mid-Continent Pipeline Co.* v. *Hargrave*, 129 Fed. 2d 655, $750 was allowed as attorney fee where there was a judgment for overtime compensation for $1,295.92. In *Burke* v. *Lecrone-Benedict Ways, Inc.*, 63 Fed. Sup. 883, an attorney's fee of $750 was allowed, although only $210.76 was allowed as liquidated damages.

The attorney's fee is hereby increased to $800, and as modified the judgment is affirmed.