VICTOR MENASCHE, Respondent, *v.* INTEROCEANIC COMMODITIES CORPORATION, Appellant.

First Department, October 21, 1958.

*Roger W. Langsdorf* of counsel (*Kramer, Marx, Greenlee & Backus,* attorneys), for appellant.

*Morris Berler* of counsel (*Howard Berler* with him on the brief; *Berler & Berler,* attorneys), for respondent.

*Per Curiam.* Order denying defendant's motion for summary judgment and granting summary judgment in favor of plaintiff with a direction for an assessment of damages should be reversed on the law, and defendant's motion for summary judgment dismissing the complaint should be granted, with costs and disbursements to appellant.

The action was brought to recover overtime wages for the period between July 1, 1956 and December 13, 1957, pursuant to the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29,

§ 201 *et seq.*). It appears that upon the termination of plaintiff's employment, the United States Department of Labor found that plaintiff was entitled to $459.74 as additional compensation. Subdivision (c) of section 16 of the Fair Labor Standards Act provides that acceptance by an employee of a payment, which the Department of Labor requested the employer to make, constitutes a waiver of any employee's claims under the Act. Defendant paid the sum fixed by the department, less legal deductions, and marked its check "full payment of back wages as determined by U. S. dept. of labor." Plaintiff cashed the check after indorsing it "without prejudice". He did not sign the accompanying form of receipt furnished by the Department of Labor which incorporated an express waiver of his rights for overtime compensation.

Until the passage of subdivision (c) of section 16, a waiver by an employee of back wages was considered as against public policy (*O'Neil* v. *Brooklyn Sav. Bank,* 180 Misc. 542, affd. 267 App. Div. 317, affd. 293 N. Y. 666, affd. *sub nom. Brooklyn Bank* v. *O'Neil,* 324 U. S. 697). Subdivision (c) of section 16 was enacted to obviate the thrust of that decision and to permit a waiver where the Department of Labor had intervened and supervised the assertion of a claim under the Fair Labor Standards Act (see *Harrell* v. *Bell Dental Mfg. Co.,* 110 F. Supp. 538 [D. C. Ga., 1953]).

Failure to execute a formal receipt did not prevent a complete accord and satisfaction. When plaintiff received the check, he was bound either to reject it or, if he accepted it, to accede to defendant's notation of " full payment ". He could not diminish the legal effect of the payment by indorsing the check " without prejudice ". Acceptance and deposit of the check constituted a conclusive election to be bound by the condition upon which the check was offered (*Nassoiy* v. *Tomlinson,* 148 N. Y. 326). Plaintiff unquestionably waived his rights in accordance with the provisions of subdivision (c) of section 16 of the Fair Labor Standards Act, as amended (U. S. Code, tit. 29, § 216, subd. [c]). The complaint should, therefore, have been dismissed.

BRIETEL, J. P., RABIN, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellant, the defendant's motion for summary judgment is granted and the clerk is directed to enter judgment in favor of the defendant dismissing the complaint, with costs.