RODGERS, Justice:
This is an action brought against the appellee, Concrete Products & Supply Company, Inc., in the Circuit Court of Jackson County, Mississippi, by the appellant, Preston E. Pierce, to enforce the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. section 216(b)). The appellant sued for the sum of $7,700.-34 alleged to be due him by appellee for unpaid minimum wages, for “an additional equal amount as liquidated damages”, and for reasonable attorney’s fee, pursuant to section 16(b) of the Fair Labor Standards Act of 1938, as amended. The trial court, sitting without a jury, granted appellant a judgment for $6,176.12, and costs, but denied attorney’s fee and liquidated damages. The laborer, Preston E. Pierce, has appealed from this judgment.
The suit here in issue grew out of the following facts: Preston E. Pierce was employed by the Concrete Products & Supply Company, Inc. as a night watchman from January 30, 1963, through January 27, 1965. During this period, he received as compensation from appellant the sum of fifty cents per hour. Field agents of the United States Department of Labor, Wage and Hour Division, made an audit of books and records of appellee-company and discovered that appellee was due appellant, Preston E. Pierce, the sum of $7,700.34 under the provisions of the Fair Labor Standards Act. The appellee acknowledged this indebtedness to be correct.
Thereafter, on April 30, 1965, the appellant-laborer, was called to the office of appellee. The appellee had previously prepared a check made payable to appellant in the sum of $6,176.12. Appellee-employer explained to appellant the situation and gave him the check. Appellant was then requested to sign a release to appellee in full for all due to appellant, which he did. Ap-pellee then requested the appellant-laborer *753 to endorse the check and return it to ap-pellee-employer. The appellant did as requested. A short time after this transaction had occurred, appellant sought the advice of attorneys, and after the attorneys had written to the appellee, the appellant was discharged by the employer-appellee.
The appellee filed an answer to the suit exhibited against it by the laborer. It admitted the audit, the payment by check, and release, but it denied the applicability of the federal law, since it was contended that the laborer had voluntarily signed a valid receipt and release, and it alleged that the employer-appellee refused to pay only after the employee-appellant had voluntarily released the appellee. The appellee then contended in its answer that the state law was applicable to determine whether or not the release was valid. It is argued on appeal that “The genesis of this suit was appellant’s own act in signing the release and giving back the money. It is simply a suit to nullify the appellant’s voluntary return of the money.” Appellee contends that “The statute clearly gives the appellant the right to release all of his rights upon payment in full.”
We agree with this statement, provided employee is in fact paid in full, or paid the sum agreed to be due, or there is a settlement of a dispute made in good faith as to whether or not the Fair Labor Standards Act is applicable under the facts in each case. (Harrell v. S. D. Bell Dental Mfg. Co., D.C., 110 F.Supp. 538, 1953). On the other hand, the purpose of the Fair Labor Standards Act is to insure that the laborer will be paid his full wages; and to permit an employee to settle for less than the full amount due thwarts the purpose of the law and renders it ineffectual unless it is a settlement made in good faith.
The Fair Labor Standards Act of 1938, as amended, expressly provides that jurisdiction of the Act is vested in the state and federal courts. 29 U.S.C.A. § 216 (1965); Mengel Co. v. Ishee, 192 Miss. 366, 4 So.2d 878 (1941).
We hold that the Wage and Hour Law is applicable under the facts in this case because we are of the opinion that an employer cannot obtain a release from an employee by simply getting the employee to give the employer a written release without paying the wages due so as to defeat the rights of the employee under the Fair Labor Standards Act. The trial court was correct in rendering judgment against the appellee for the wages due appellant, although it is shown that the appellant had signed the release in full under the circumstances here shown.
The next question to be determined is whether or not the trial court is required also to allow liquidated damages and attorney’s fee.
In the case of Brooklyn Savings Bank v. O’Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L. Ed. 1296 (1945), the United States Supreme Court held that a release given by the employee, not given in settlement of a bona fide dispute between the employer and employee was ineffectual, because section 16 (b) of the Fair Labor Standards Act provided that the employer shall be liable for liquidated damages in the amount equal to minimum wages overdue, and that liability for the damages was not conditioned upon whether or not a suit was filed.
The pertinent parts of the Fair Labor Standards Act of 1938 (29 U.S.C.A. § 216 (b)) are as follows:
“Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. * * * The court in such action shall, in addition to *754 any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and. costs of the action.” .
Section 260, 29 U.S.C.A. of the Portal-to- Portal Act of 1947 is in the following language:
“In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216(b) of this title.” (May 14, 1947, c. 52, § 11, 61 Stat. 89.)
Section 16(c) of the amendment to the Fair Labor Standards Act, approved October 26, 1949, Public Law 393, 81st Congress, First Session, 63 Statute 910, 29 U.S.C.A. § 216(c) is in the following language :
“The Secretary of Labor is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under section 206 or section 207 of this title, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid minimum wages or unpaid overtime compensation and an additional equal amount as liquidated damages. * * * ”
In 1953, the United States District Court N. D. Georgia, Atlanta Division, had an opportunity to pass upon the 1949 amendment to the Fair Labor Standards Act in the case of Harrell v. S; D. Bell Dental Manufacturing Company, 110 F.Supp. 538 (D.C.1953). In that case, after the Administrator of the Wage and Hour and Public Contract Division of the United States Department of Labor had computed amounts of back pay due the employee, the employer paid this amount. This ■ settlement was made with the full knowledge, consent and approval of the United States Department of Labor, Wage and Hour and Public Contract Division. The receipt recited that the sum was computed or approved by the Wage and Hour and Public Contract Division for which the wages were due. The decision in that case turned upon the proper interpretation of section 16(c) of the amendment to the Fair Labor Standards Act of 1949. The employee contended in that case that if the payment was not actually “in full”, the release constituted only a waiver for such sum as was paid. On the other hand, the defendant contended that the language of the amendment meant that payment under the supervision of the Administrator constituted a waiver by the employee of all that the latter claimed.
The Court then said:
“We agree with the contentions of the defendant and interpret the Amendment of 1949 in accordance with defendant’s contentions. * * *
“ * * * It seems clear that Congress contemplated that when the Administrator, after full investigation, arrived at a sum which he considered to be the full amount due, and this amount was paid by the employer with the consent of the employee, that is the end of the matter.” 110 F.Supp. at 539.
Section 16(b) of the Fair Labor Standards Act (29 U.S.C.A. § 216) — requiring that “an additional equal amount as liquidated damages” — is still in effect. However, under section 11 of the Portal-to-Portal Act of 1947 (29 U.S.C.A. § 260) the employer may show to the satisfaction of the court that the act or omission ‘ giving *755 rise to such action was in good faith; that he had reasonable grounds to believe that his act or omission was not a violation of the Fair Labor Standards Act of 1938. The employer may also show the further exception added by the amendment to the Fair Labor Standards Act of 1949 (U.S.C.A. § 216(c)) which permits an Administrator to supervise the payment of unpaid minimum wages due employees, and that a payment of the wages due constitutes a waiver by the employee of any rights he has under subsection (b), and that he waived his rights to an additional equal amount as liquidated damages. It is clear that the amendments to the Fair Labor Standards Act do not permit the employer to obtain a release from the employee without payment of the wages due.
The case of Cudahy Company of Alabama v. Bazanos, 245 Ala. 73, 15 So.2d 720 (1943), held that a release of all claims by an employee pertaining to his employment was not a defense to employee’s action under the Fair Labor Standards Act of 1938, and, in quoting from the case of Hutchinson v. William C. Barry, Inc., 44 F. Supp. 829 (D.C., D.Mass.1942), the Court said:
“It is obvious that desire to continue in employment on the part of the laborer would make it easy for an employer who wished to ignore the act’s provisions to induce him to execute a release of claims under the provisions of the act. Unless such agreements as this be declared void, it would therefore be easy to circumvent the declared purpose of Congress.” 245 Ala. at 78, 15 So.2d at 725.
The Court in that case affirmed a judgment allowing liquidated damages. Although this case was decided prior to the 1949 amendment to the Fair Labor Standards Act, we are of the opinion that it is applicable under the facts in the case now before the Court, because the employer, appellee here, did not plead affirmatively, nor offer to prove, that the alleged settlement with the employee was made in good faith.'
The right to show good faith under section 11 (29 U.S.C.A. § 260) is an affirmative defense and must be pleaded and proven by the employer. Wright v. Carrigg, 275 F.2d 448, 449 (4th Cir. 1960); Rothman v. Publicker Indus., 201 F.2d 618 (3rd Cir. 1953); Rankin v. Jonathan Logan, Inc., 98 F.Supp. 1 (D.C., N.J.1951); Burke v. Mesta Mach. Co., 79 F.Supp. 588 (D.C., Pa.1948); Reid v. Day and Zimmerman, Inc., 73 F.Supp. 892 (D.C., Ia.1947), affirmed 168 F.2d 356 (8th Cir. 1948).
The last question raised here for our determination is whether or not the appellant was entitled to an attorney’s fee. This question seems to have been settled by a trend of judicial decisions which have generally held that the trial court is required by section 16(b) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C.A. § 216(b)) to allow reasonable attorney’s fee to be paid by the employer.
In the case of Wright v. Carrigg, 275 F.2d 448 (1960), the United States Court of Appeals, Fourth Circuit, pointed out — in a case where the employer had tendered evidence having a possible bearing on the good faith issue, but which the court had declined to hear — that:
“With respect to the counsel fee, the court had no discretion to deny it; the law’s requirement of an award is mandatory and unconditional. Section 16(b) provides: ‘The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney’s fee to be paid by the defendant, and costs of the action.’ ” 275 F.2d at 449.
See Harrington v. Empire Const. Co., 167 F.2d 389 (4th Cir. 1948); Burke v. Mesta Mach. Co., 79 F.Supp. 588 (D.C., W.D.Pa. 1948); Maddrix v. Dize, 153 F.2d 274 (4th Cir. 1946); Sykes v. Lochmann, 156 Kan. 223, 132 P.2d 620 (1943), cert. den. 319 U.S. 753, 63 S.Ct. 1165, 87 L.Ed. 1707. The appellate courts have even increased the *756 amount of attorney’s fee allowed by the trial courts. Broach v. McPherson, 223 Ark. 145, 264 S.W. 629 (1954); Maddrix v. Dize, 155 F.2d 1019 (4th Cir. 1946); Greenberg v. Arsenal Bldg. Corp., 144 F.2d 292 (2nd Cir. 1944).
We hold therefore that the trial court erroneously refused to allow the appellant a reasonable attorney’s fee.
During the trial, the appellee stated into the record that there was no dispute as to the amount of attorney’s fee, and said: "We will stipulate it is a reasonable amount.” The amount claimed in the declaration was $3,850.17. Since it is agreed that the attorney’s fee claimed in the declaration was reasonable, there is no cause for this case to be remanded to determine the amount of the attorney’s fee. The fee claimed in the appellant’s declaration is obviously one-half of the amount of the wages alleged to be due the laboror; therefore, since it was agreed that one-half of the amount claimed was a reasonable attorney’s fee, we can safely assume that one-half of a lesser amount allowed by the court as wages is also a reasonable attorney’s fee.
Since the appellee-employer has neither pleaded good faith adjustment of wages due appellant-laborer, nor offered proof of facts showing a good faith controversy as to the amount due, nor a good faith settlement as required by the Fair Labor Standards Act, we are driven to the inescapable conclusion that the appellee-employer is due to the appellant-laborer not only the amount of $6,176.12 found to be due for back wages, but also a like sum of $6,176.12 liquidated damages, and an attorney’s fee of $3,088.06. A judgment in favor of appellant, Preston E. Pierce, against the appellee, Concrete Products & Supply Company, Inc., will be entered in this Court in the total sum of $15,440.30, and costs of court.
The duty of a judge is plain. It is to expound and not to make the law, to decide it as he finds it, not as he may wish it to be.
The judgment of the trial court is hereby reversed, and judgment entered here in favor of appellant in the sum of $15,440.30.
Reversed and rendered.
ETHRIDGE, C. J., and JONES, SMITH and ROBERTSON, JJ., concur.