John KUHNS, Plaintiff,

v.

CITY OF COMMERCE CITY, Commerce City, Colorado, a public body corporate; Chief Neal Wikstrom and City Manager John Bramble, as officials of the City of Commerce City, Colorado; and Neal Wikstrom and John Bramble, individually, Defendants.

Civ. A. No. 84–K–1317.

United States District Court, D. Colorado.

Oct. 15, 1985.

Gary L. Polidori, Polidori, Rasmussen, Gerome & Jacobson, Lakewood, Colo., Joseph E. Scuro, Jr., Nicholas and Barrera, Inc., San Antonio, Tex., for plaintiff.

Richard D. Greengard, Robert D. Simon, Greengard and Senter, Denver, Colo., for defendants.

## ORDER AWARDING ATTORNEY FEES

KANE, District Judge.

Plaintiff Kuhns was terminated from his employment as a Commerce City police officer and brought suit alleging that the procedures followed in that termination violated the Due Process clause of the Fourteenth Amendment. On April 22, 1985, I granted partial summary judgment for plaintiff Kuhns.

I refer the reader to my April 22, 1985 order for a discussion of the case. *See Kuhns v. City of Commerce City, Colorado,* No. 84–K–1317, —— F.Supp. —— (D.Colo. April 22, 1985). For purposes of this order, it is important to note that my finding in favor of plaintiff was very limited. I found that "with the exception of plaintiff's claim that his discharge hearing was untimely, he was afforded the full panoply of rights assured by the Fourteenth Amendment." *Id.,* at ——. The majority of plaintiff's contentions regarding lack of due process were soundly rejected.

Plaintiff now requests, pursuant to 42 U.S.C. § 1988, an award of $33,300.00 in attorney fees for approximately 222 hours of attorneys' time. Defendants oppose that award on several grounds, and request an award of $14,696.27, or, in the alternative, an award of $3,663.43. Each side maintains that it was the prevailing party in this lawsuit.

I.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, allows this court to award reasonable attorney fees to a prevailing party, other than the United States, in civil rights litigation. Plaintiffs "may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (*quoting Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)). Fees can be awarded to a plaintiff who is only partially successful, especially "where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues." S.Rep. No. 94–1011, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912. *See also Supre v. Ricketts,* 596 F.Supp. 1532 (D.Colo.1984). Once the plaintiff has been determined to have obtained some of the benefits sought in bringing the litigation, the plaintiff should be construed to be the prevailing party as long as the underlying constitutional claim is substantial. *Battle v. Anderson,* 614 F.2d 251, 258 (10th Cir.1980).

Prevailing defendants may also be awarded attorney fees upon a showing that plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff

continued to litigate after it clearly became so." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *Anderson v. Glismann*, 577 F.Supp. 1506 (D.Colo.1984). In *Prochaska v. Marcoux*, 632 F.2d 848 (10th Cir.1980), *cert. denied* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981), Judge Barrett awarded attorney fees to a defendant who was sued by a boat owner for alleged violation of the owner's civil rights, finding that plaintiff's claim was clearly frivolous in view of the evidence.

The Supreme Court has cautioned, however, against imposing attorney fees on plaintiffs without strong reasons:

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

*Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). In general, a judge must think twice before awarding fees to a prevailing defendant. As the Supreme Court summarized in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980):

> Prevailing plaintiffs in civil rights cases win fee awards unless "special circumstances would render such an award unjust," *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 [, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263] (1968) (*per curiam*), but a prevailing defendant may be awarded counsel fees only when the plaintiff's underlying claim is "frivolous unreasonable, or groundless." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 [, 98 S.Ct. 694, 700, 54 L.Ed.2d 648] (1978).

100 S.Ct. at 2462.

## II.

I must bear in mind that a plaintiff need only succeed on one significant issue which achieves some of the benefit sought in order to be considered a prevailing party. *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. at 1939. "This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is 'reasonable.'" *Id.*

After examining all of plaintiff's contentions, I found only one minute procedural due process violation, and no substantive due process violations. Most of plaintiff's claims were thoughtless and unsupported by any evidence in the record. Plaintiff has not succeeded on any significant issue which compels me to find that plaintiff is a prevailing party in the sense intended by Congress and the Supreme Court in *Hensley v. Eckerhart*. He has not crossed the threshold and, therefore, his request for attorney fees is denied.

*Hensley v. Eckerhart* does not compel a judge, upon finding that plaintiff's civil rights were violated, to award attorney fees. The Eighth Circuit, relying on *Hensley*, has denied fees in exactly the same manner as I do today in *Fast v. School District of City of Ladue*, 712 F.2d 379 (8th Cir.1983). In that case, the plaintiff, a tenured schoolteacher, was terminated and brought suit alleging that her civil rights had been violated. The court ordered the defendants to give her a hearing and a description of the way the district's decision to terminate her was reached, but denied attorney fees because she had not succeeded on any significant issue.

### III.

Because the vast majority of plaintiff's claims alleging violation of due process are without any merit, my decision that plaintiff has not achieved success on any significant issue should dispose of the analysis of the reasonableness of fees. I feel compelled, however, to explain that even if plaintiff had reached the threshold, he would not receive an award of attorney fees in this case.

The Supreme Court has emphasized that the district court has discretion in determining the amount of the fee award, *Hensley v. Eckerhart*, 461 U.S. at 437, 103 S.Ct. at 1941, but has cautioned that "the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Id.* at 435, 103 S.Ct. at 1940. "The result is what matters." *Id.* As the Supreme Court explained in *Hensley v. Eckerhart*, even where a plaintiff's claims were "interrelated, nonfrivolous, and raised in good faith," the fees requested may be excessive. 461 U.S. at 436, 103 S.Ct. at 1941. "[T]he most critical factor is the degree of success obtained." *Id.*

> There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed prevailing on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* at 434, 103 S.Ct. at 1940.

In this case, the level of success is so minimal, and the hours expended so excessive, that there is no basis for any fee award. Even if I were to calculate the amount of hours I think would have been necessary to prosecute successfully plaintiff's one meritorious contention, any fee award which I would make would be negated by defendants fee award for their needless work after the settlement offer of April, 1984. I do not believe it is either necessary or appropriate to compound the absurd investment of time and energy already expended in this case.

If I were to award attorney fees without significantly reducing them, I should be reversed by the Tenth Circuit. In *Nephew v. City of Aurora*, 766 F.2d 1464 (10th Cir.1985), the district court found that plaintiffs were the prevailing party in a case in which they won only nominal damages. The district court then awarded fees. The Tenth Circuit held that the district court had abused its discretion by not discounting the fee award in light of that fact that the damages awarded to prevailing plaintiffs were minimal. It ordered that the attorney fee award be reduced to take into account the degree of success achieved by the plaintiffs. The Tenth Circuit expounded at length on the policy reasons for its decision:

> We believe that this approach furthers the twin purposes of § 1988 of providing meaningful access to the judicial process to private individuals with civil rights grievances and of forcing attorneys to critically evaluate the prospects of success of their claim. We recognize that this holding will likely compel attorneys to prognosticate with some degree of accuracy their prospects of success in terms of dollars and cents. Even so, we believe it to be a necessary burden in an attempt to ensure that attorneys pursue only meritorious civil rights claims.
>
> By this holding we do not imply that an award of nominal damages necessarily means that a corresponding fee award must also be nominal. However, where, as here, a plaintiff seeks substantial damages but wins only nominal damages, the award must be reduced to account for the plaintiffs' very limited success.

*Id.* at 1466–67.

I would clearly be remiss if I were not to reduce drastically plaintiff's request for attorney fees to an amount which I consider appropriate in light of the very limited success in this case. Under *Ramos v. Lamm*,

713 F.2d 546 (10th Cir.1983), I must determine the number of hours reasonably spent by counsel for the party seeking the fees, and set a rate of compensation for the hours reasonably expended, using a rate which lawyers of comparable skill and experience practicing in this area would charge for their time. Plaintiff's extravagant request for fees would have to be reduced for myriad reasons.

■ First, borrowing from the law regarding attorney fees in administrative proceedings, plaintiff cannot recover for work performed by local counsel in giving advice and helping plaintiff obtain a post-termination hearing. As the Supreme Court explained in *Webb v. Board of Education of Dyer County, Tennessee,* —— U.S. ——, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985), 42 U.S.C. § 1983 does not require resort to state administrative remedies before commencing a civil suit, and 42 U.S.C. § 1988 does not authorize fees for the state administrative process because that was not part of the proceedings to enforce § 1983. The attorney's assistance at this stage of the proceedings was not part of plaintiff's § 1983 lawsuit. I would immediately cut out the 48 hours of work performed by plaintiff's attorney before November, 1983, thus reducing plaintiff's request from 222 hours to 174 hours.

Second, I would cut out the 27 hours spent after April 30, 1985, the date on which defendants made a $2,000 settlement offer to plaintiff. That figure was not only the amount finally stipulated to on the day of trial, but was also the highest possible award plaintiff could have received had he prevailed in trial. Pursuing his claims after that point was clearly frivolous, and I would reduce plaintiff's request to 147 hours.

■ Third, although I decline to examine each entry, plaintiff's attorney's time appears to be excessive even if all the claims being pursued were valid, and many entries were not specific enough. The Tenth Circuit has made it clear that "records must reveal ... all hours for which compensation is requested and how those hours were allotted to specific tasks—for example, how

many hours were spent researching, how many interviewing the client, how many drafting the complaint, and so on." *Ramos v. Lamm,* 713 F.2d 546, 553 (10th Cir.1983). Mr. Scuro's entry dated 6–25–84 reads "Travel to Denver/from Denver/meeting with client/local counsel—19 hours." The Tenth Circuit has held that "there is no need to employ counsel from outside the area in most cases," and refused to reimburse travel expenses for such counsel. *Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir.1983). I do not award travel expenses, and I will not award fees for hours spent travelling either. The entry makes it impossible for me to determine how many of those 19 hours were spent in travel. Fees would not be awarded for any of the 19 hours.

■ Fourth, the hourly rates to be assessed should be comparable to the rates charged by private sector lawyers possessing skill and experience similar to that of the attorneys in this case. I am convinced that there are several skilled lawyers in Denver who could have handled plaintiff's case for significantly lower rates than Mr. Scuro's hourly fee of $150.00.

Fifth, although a number of Mr. Scuro's entries do indicate to which tasks hours were allocated, the records do not enable me to separate the work done on the one issue on which plaintiff prevailed from other work. Therefore, I would have to determine the amount of work I would expect this case or a comparable case to involve. Plaintiff's counsel would have been required to confer with the plaintiff and discuss the facts of the case with him. Counsel then would have advised him that his case was especially weak in light of the fact that he did receive a hearing, albeit after termination, and that he had little to support his charges of procedural or substantive violations of his civil rights. It would probably have taken a reasonably skilled lawyer approximately two hours to draft a complaint and arrange for its filing, another couple of hours to answer interrogatories, and possibly another five hours to prepare for and attend plaintiff's deposition. After attending the deposition and reading the transcript, it should have been

clear that plaintiff's assertions were unfounded except with regard to his right to a pretermination hearing. Long before April, 1984, this case would have been resolved. Being generous, I would estimate 20 hours of work would have resolved the matter.

I am aware of the Tenth Circuit's intent that "[p]arties acting as private attorneys general should be reasonably compensated for their vindication of the public policy even if they themselves do not receive a large financial benefit." *Ramos v. Lamm,* 713 F.2d 546, 557 (10th Cir.1983). Here I fail to see the vindication of public policy at work.

Therefore, assuming that plaintiff had been a prevailing party, I find that an appropriate award would have been for about 20 hours of work at the rate of $80.00 per hour, amounting to an award of $1,600. Defendants spent at least that amount defending themselves after the $2,000 settlement offer was made and rejected. Thus, I decline to award even $1,600 to plaintiff.

It is therefore ORDERED that plaintiff's and defendants' requests for attorney fees are denied. Each party is to bear his/their own costs.