Stephen R. **LEVY**, Plaintiff,

v.

**CITY OF CHERRY HILLS VILLAGE**, Defendant.

Civ. A. No. 87–K–860.

United States District Court,
D. Colorado.

Aug. 12, 1987.

Gilbert Goldstein, and Darrell L. Campbell, Goldstein & Armour, Denver, Colo., for plaintiff.

Richard K. Rediger, Hall & Evans, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Jurisdiction lies under 28 U.S.C. §§ 1331 and 1343. The complaint stems from plaintiff's objection to a Cherry Hills zoning regulation which forbids development of real property lots less than two and one-half acres in size. Plaintiff's lot is 1.37 acres in area.

The case is before me now on defendant's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Although I do not find it necessary to address the intricacies of defendant's arguments, I agree the complaint should be dismissed. In so ruling, I am mindful a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in favor of his claims. *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The complaint recites the following pertinent facts. Plaintiff is the owner of a plot of land legally described as the east one-half of plot 14, Charlou Park, Third Filing. Before 1967, this plot did not lie within the boundaries of Cherry Hills. The plot was, however, subject to a zoning classification, A–2, which "provided, among other things that a land area of two and one-half acres was necessary in order to construct a single-family residence on the plot." Complaint, ¶ 6.

In March 1961, plaintiff's immediate predecessor in title, one Gertrude Levy, sought a variance from A–2 with the Arapahoe County Board of Commissioners. The petition sought permission to construct a

single family house on the east one-half of plot 14. The board found Gertrude Levy's hardship was self-inflicted because she had purchased the property with notice of the zoning regulations. Her petition was therefore denied.

Gertrude Levy appealed this decision through the Colorado state court system. Ultimately, the *en banc* Colorado Supreme Court issued a two-part decision in her case. The court first upheld, "as a reasonable exercise of a discretionary power," the board's factual determination of self-inflicted hardship attributable to her notice of the zoning scheme. *Levy v. Board of Adjustment of Arapahoe County*, 149 Colo. 493, 369 P.2d 991, 996 (1962). Gertrude Levy had, however, additionally raised a constitutional challenge to the zoning law. On this point, the supreme court concluded "that the zoning of said Charlou Park, Third Filing as 'A–2' was a reasonable exercise of the police power ..." *Id.*, 369 P.2d at 996.

In 1967, the area in question was annexed by the city of Cherry Hills Village. The zoning classification assigned to that portion of the city which encompassed plot 14 was designated R–1. "Said zoning classification requires a minimum lot area of two and one-half acres for any development or use of property authorized by the zoning regulation." Complaint, ¶ 17.

In 1976, Gertrude Levy "conveyed the subject property to plaintiff Stephen R. Levy." Complaint, ¶ 18. On November 13, 1982, plaintiff contracted with one James D. Nelson for sale of the realty. The contract was conditioned on Nelson obtaining a permit to erect a single family dwelling on the property. The complaint then avers:

A request for a variance or a finding of non-conformance authorizing the erection of [a] single family dwelling on plaintiff's property was filed with the Cherry Hills Village Board of Adjustments and Appeals. ("Board"). After a hearing on April 26, 1983, the Board denied plaintiff's request. The Board's decision denying plaintiff's request for variance or finding of non-conformance was affirmed by the Arapahoe County District Court

and the Colorado Court of Appeals. Certiorari was denied by the Colorado Supreme Court.

Complaint, ¶ 20.

This lawsuit followed. The complaint states three claims for relief. The first claim, which contends the zoning regulation deprives plaintiff of property without due process in violation of the Fifth and Fourteenth Amendments, seeks compensatory damages under § 1983. The second claim requests an injunction against enforcement of the regulation, given its alleged unconstitutionality under the Fifth and Fourteenth Amendments. Finally, the third claim, one of inverse condemnation, states that "[t]he continuing refusal of Cherry Hills Village to allow plaintiff to erect a single family dwelling on said property constitutes a taking of plaintiff's property for public use without payment of just compensation." Complaint, ¶ 29.

 Even assuming every word of the complaint to be true, the complaint must be dismissed in its entirety because of the bar posed by collateral estoppel. That doctrine contains the following elements: (1) identity of issue between that decided in the prior adjudication and the present action, (2) a final judgment on the merits in the previous adjudication, (3) the party against whom the doctrine is asserted must be a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the prior adjudication. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396, 399 (1973).

The second element is readily met, since *Gertrude Levy* was obviously a final judgment. The fourth element is similarly satisfied, since plaintiff's predecessor's aggressive pursuit of her cause to the state's highest court bespeaks a full and fair opportunity to litigate the constitutional issue.

The first *Pomeroy* element is also present. In *Gertrude Levy*, the supreme court flatly upheld the A–2 zoning regulation against plaintiff's predecessor's claim that the regulation's bar on construction of

a single family residence on a plot smaller than two and one-half acres was unconstitutional. All three claims in plaintiff Stephen Levy's complaint raise the exact issue. The only arguably potential difference between the constitutional issue in *Gertrude Levy* and the one in the instant case lies in any disparities between the A–2 regulation and the R–1 regulation imposed after annexation by defendant in 1967.

Plaintiff's complaint does not set forth the actual language of either regulation. The complaint does demonstrate, though, that both regulations forbid construction of a single family dwelling on any plot less than two and one-half acres in size. Both Getrude Levy and Stephen Levy sought a variance, and also challenged the respective regulations from a constitutional viewpoint, on that basis. Thus, even if A–2 and R–1 differ in some respects, they are identical for the limited purpose of the allegations raised in both the previous *Levy* action and the current one.

Finally, the third element is met because, as Gertrude Levy's immediate successor in title, plaintiff is her legal privy. *See Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179, 94 S.Ct. 414, 422, 38 L.Ed.2d 388 (1973); *Brian v. Valley View Cattle Ranch, Inc.*, 35 Colo.App. 428, 535 P.2d 237, 240 (1975), *cert. denied* June 2, 1975; *McGary v. Rocky Ford National Bank*, 523 P.2d 479, 481 (Colo.App.1974) (not selected for official publication); *Restatement, Second, of Judgments* § 43(1)(b) (1980). Additionally, I note plaintiff nowhere denies notice of R–1 at the time the property was conveyed to him by Gertrude Levy.

The present complaint is nothing more than a vain attempt to undo a twenty-five year old judgment of the state's highest court. I am not empowered to review any such judgment. *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir.1986). Under these facts, I find plaintiff's claim to be "frivolous, unreasonable, or groundless" within the meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). *See*

*Kuhns v. Commerce City*, 618 F.Supp. 1475, 1476–7 (D.Colo.1985).

This lawsuit is a complete regurgitation of issues decisively resolved long ago. Plaintiff appears to believe the passage of time enables him to attempt to set rolling, once again, those same weighty boulders which withstood the strained efforts of his predecessor-in-interest. The resources of this court will not be subjugated to such Sisyphian frustration. Defendant is therefore entitled to an award of attorney fees under 42 U.S.C. § 1988. *See Prochaska v. Marcoux*, 632 F.2d 848, 853–54 (10th Cir.1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841 (1981); *Scheriff v. Beck*, 452 F.Supp. 1254 (D.Colo. 1978). Defendant may have its costs and attorney fees incurred in defending this action if its files a concise statement of fees in accordance with the requirements of *Lucero v. Trinidad*, 815 F.2d 1384 (10th Cir.1987), and cases cited therein. *See also Wright v. U-Let-Us Skycap*, 648 F.Supp. 1216 (D.Colo.1986).

IT IS ORDERED that defendant's motion to dismiss is GRANTED. This action is dismissed. Defendant shall file its statement of costs and fees within ten days of the date of this order. Plaintiff may file a brief and specific set of objections to defendant's statement within seven days of plaintiff's receipt of that statement.