G. C. STEINMETZ et al., d/b/a Tennessee Postal Service; G. C. Steinmetz et al., d/b/a Postal Transport Service; G. C. Steinmetz et al., d/b/a Highway Service Company and Postal Service, Inc., Appellants,

v.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellee.

No. 17706.

United States Court of Appeals
Fifth Circuit.

June 25, 1959.

Henry T. Chance, Augusta, Ga., Harris, Chance & McCracken, Augusta, Ga., of counsel, for appellant.

Sylvia S. Ellison, Atty., Dept. of Labor, Bessie Margolin, Asst. Sol., Dept. of Labor, Washington, D. C., Stuart Rothman, Sol., Robert E. Nagle, Attorneys, United States Department of Labor, Washington, D. C., Beverley R. Worrell, Regional Attorney, Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

These four appeals, consolidated and expedited under 28 U.S.C. § 1292(b), are appeals from orders denying, on the grounds stated in the district judge's

opinion,[1] defendants' motions for summary judgments in actions brought by the Secretary of Labor to enjoin violations of Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq.

While we find ourselves in general agreement with the opinion of the district judge, it may not be amiss to briefly state our reasons therefor.

The defendants contended below and contend here that, under Section 13(b)(1) of the Fair Labor Standards Act, 29 U.S.C.A. § 213(b),[2] they are exempt from its overtime provisions. Admitting that they are operating in interstate commerce under a contract with the United States Post Office Department for the transportation of mail, they contend that they are contract carriers within the meaning of Sec. 304 of Title 49 U.S.C.A.,[3] and that under that section the Interstate Commerce Commission has the power to establish qualifications and maximum hours of service.

Plaintiff-appellee, citing the uniform position of the Interstate Commerce Commission,[4] that transportation of mail under contract with the Post Office is not subject to the requirements of the Motor Carrier Act and therefore not within the claimed exemption, and to the many district court decisions to the same effect, contended in the court below and contends here, that, since the defendants are engaged in interstate commerce for the transportation of mail exclusively under a contract with the Post Office Department, they are not contract carriers and are, therefore, not exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 207.

Appellants, insisting that they are contract carriers under the Interstate Commerce Act and that, since the determinative question in this case is not whether the Commission has in fact undertaken to establish qualifications and maximum hours of service pursuant to Sec. 304, but whether it has the power to do so, urges upon us that the question is purely one of law and neither the action of the Commission in uniformly declining to exercise the power nor that of the Secretary of Labor in uniformly denying the exemption, is controlling or of substantial importance here.

Section 209 of the Motor Carrier Act, 49 U.S.C.A. § 309, provides, with exceptions not here relevant, that "no person shall engage in the business of a contract carrier by motor vehicle in interstate or foreign commerce on any public highway * * * unless there is in force with respect to such carrier a permit issued by the Commission, authorizing such person to engage in such business." Appellants do not allege or other-

---

1. James P. Mitchell, Secretary of Labor, United States Dept. of Labor v. G. C. Steinmetz, et al, .... F.Supp. .... (3–11–59).

2. "§ 213 Exemptions.
   *      *      *      *      *      *
   "(b) The provisions of section 207 of this title shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49."

3. "§ 304. Powers and duties of commission.
   —(a) Powers and duties generally
   "It shall be the duty of the Commission—
   *      *      *      *      *      *

"(2) To regulate contract carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment."

4. Atchison, Topeka and Santa Fe Ry., 3 M.C.C. 694, 697 (1937); Freer Bros. Motor Express Lines, 7 M.C.C. 203 (1938); Texas and Pacific Motor Transport Co., 12 M.C.C. 37 (1939); Fred M. Sutton, 18 M.C.C. 289 (1939); Gulf, Mobile and Northern Railroad Co., 18 M.C.C. 721 (1939); Boston and Maine Transp. Co., 22 M.C.C. 227 (1940); William Blau, 61 M.C.C. 705 (1953); Baggett Transportation Co., 77 M.C.C. 584 (1958).

wise claim that any such permit has issued to, or been applied for by them, and it would thus appear not only that appellants, hauling under contract with the United States, did not consider their operations to be those of contract carriers within the meaning of the Motor Carriers Act until they undertook to make the claim for overtime exemption now asserted, but that they were not such, and were not, therefore, subject to regulation as such.

It has been definitely established that one engaged, as defendants in these suits were, in performing services for a carrier or carriers does not thereby himself become a carrier subject to the jurisdiction of the Commission. United States v. N. E. Rosenblum Truck Lines, 315 U.S. 50, 62 S.Ct. 445, 86 L.Ed. 671; Thomson v. United States, 321 U.S. 19, 64 S.Ct. 392, 88 L.Ed. 513.

In this case it is the Post Office Department who is the carrier, it is not the appellants. In Boutell v. Walling, 327 U.S. 463, 66 S.Ct. 631, 90 L.Ed. 786, the Supreme Court, expressly noting that the Administrator of the Wage & Hour Division of the Department of Labor was interpreting Section 13(b) (1) consistently with the interpretation given it by the Interstate Commerce Commission and that he had asserted jurisdiction over employees engaged in the transportation of mail in Interstate Commerce who are employed not by the United States, the carrier, but by a contractor dealing directly with the Post Office Department, carefully pointed this out.

Giving full effect to the view that the interpretation of the Act by each of these agencies is entitled to great weight, United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, Boutell v. Walling, 327 U.S. 471, 66 S.Ct. 635, and the fact that the great majority of the inferior

federal courts, which have had occasion to rule on the question, have held that the overtime exemption provided in Sec. 13(b) (1) of the Fair Labor Standards Act does not apply to employees who transport mail in motor vehicles used specifically for that purpose, it seems quite clear to us that the determining factors in this case are: that the defendants in this case are not required by law to have permits issued by the Commission; that they are, therefore, not in law contract carriers; and that, not being such, they do not come within the exempting provision.

Appellants' reliance upon Magann v. Long's Baggage Transfer Co., Inc., D.C., 39 F.Supp. 742, a district court decision from the Fourth Circuit, it at least offset by Thompson v. Daugherty, D.C., 40 F. Supp. 279, a contemporary district court decision from the same circuit; while its reliance on the Fourth Circuit's Richardson decision, Richardson v. James Gibbons Co., 132 F.2d 627 and Southland Gasoline Co. v. Bayley, 319 U.S. 44, 63 S.Ct. 917, 87 L.Ed. 1244, affirming it, is, we think, completely misplaced. This is so because, in Southland Gasoline Co. v. Bayley, the Supreme Court held that, since the Motor Carrier Act expressly gives the Commission power to regulate private carriers, the Sec. 13(b) (1) exemption of the Fair Labor Standards Act was operative before the Commission found a need to exercise this power, while with respect to vehicles used exclusively for the transportation of mail for the Post Office Department it has, we think, correctly held that such power does not exist. In short, since the claim to exemption, which the appellants, with such earnestness, are here urging, applies only to contract carriers and these claimants are not such carriers, the claim is, we think, completely without substance and the judgment is affirmed.