Levi **WRIGHT**, Appellant,

v.

**W. H. CARRIGG**, Appellee.

No. 7989.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 11, 1960.

Decided March 1, 1960.

Sam I. Feldman, Charleston, S. C. (Elliott T. Halio, Charleston, S. C., on brief), for appellant.

Sylvia S. Ellison, Atty. U. S. Dept. of Labor, Washington, D. C. (Harold C. Nystrom, Acting Solicitor of Labor, Bessie Margolin, Asst. Solicitor, Robert E. Nagle, Atty., Washington, D. C., and Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, Birmingham, Ala., on brief), for James P. Mitchell, Secretary of Labor, U. S. Dept. of Labor, amicus curiae.

W. H. Carrigg, pro se, appellee (Julian S. Wolfe, Orangeburg, S. C., on brief).

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

Levi Wright was employed by W. H. Carrigg to drive a mail truck in the performance of Carrigg's contract with the Post Office Department. The employee brought an action in the District Court to recover unpaid minimum wages and overtime, liquidated damages and attorney's fees, as provided in section 16 (b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), as amended by section 11 of the "Portal-to-Portal" Act of 1947, 29 U.S.C.A. § 260. He had

been paid over a period of time during the year 1958 at the rate of $30.00 a week, and the hours worked each week, including time spent in waiting for trains to pick up and deliver mail, amounted to forty-nine hours.

The District Court held, correctly, that waiting time should be included in the hours for which the employee is entitled to be paid, and awarded $448.38 as compensation and interest. However, the Judge refused to allow the plaintiff liquidated damages in an additional amount equal to the unpaid wages owed, as provided in section 16(b). He likewise refused to award a fee to the employee's lawyer to be paid by the employer, and from these refusals the plaintiff appeals.

 With respect to the counsel fee, the court had no discretion to deny it; the law's requirement of an award is mandatory and unconditional. Section 16(b) provides: "The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (Emphasis supplied.) See Maddrix v. Dize, 4 Cir., 1946, 153 F.2d 274.

Section 11 of the "Portal-to-Portal" Act of 1947, 29 U.S.C.A. § 260, however, provides on the subject of liquidated damages that:

"* * * if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216(b) of this title."

 On the record as it now stands we are inclined to agree with the employee that the evidence is insufficient to establish the employer's defense of good faith to relieve him from the obliga-

tion to pay liquidated damages. The contention cannot be sustained that the employer acted in the good faith belief that contract mail carriers are not covered by the act, and that coverage was not authoritatively established until recently. The point was settled long ago. Magann v. Long's Baggage Transfer Co., D.C.W.D.Va.1941, 39 F.Supp. 742; Thompson v. Daugherty, D.C.D.Md.1941, 40 F.Supp. 279; Repsher v. Streepy, 7 WH Cases 769 (E.D.Va., 1948); Mitchell v. Griffin, 12 WH Cases 296 (E.D.Tex., 1954); Steinmetz v. Mitchell, 5 Cir., 1959, 268 F.2d 501. However, in the District Court the employer tendered evidence having a possible bearing on the good faith issue, which the court declined to hear. We intimate no opinion as to its sufficiency, but the defendant should have an opportunity to present it. It should be noted in fairness to the District Judge that in making this tender the employer did not make it clear that the evidence bore on the issue of good faith, which was a pertinent inquiry as to liquidated damages, although it would not affect his primary liability for unpaid wages or for counsel fees.

 On remand the District Court should award a fee to the attorney, and the court should also consider any evidence that may be offered by either party on the issue of good faith as a defense to liquidated damages. For the guidance of the District Judge on remand we point out that for a delinquent employer to escape the payment of liquidated damages he must sustain the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Rothman v. Publicker Industries, 3 Cir., 1953, 201 F.2d 618, 620. Mere reliance upon an agreement to pay less wages will not suffice to relieve the employer from payment of liquidated damages. Brooklyn Sav. Bank v. O'Neil, 1945, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296.

It was suggested that officials in the Department of Labor incited the plaintiff's action, and that such conduct is champertous. We find no basis for the criticism. The record shows that the initiative was that of the plaintiff who inquired of the Department as to his rights and the reply merely furnished the requested information. Moreover, it is the duty of these officials to enforce the law, and it is immaterial whether they acted on their own initiative or at the instance of the employee claiming to have been underpaid.

Reversed and remanded for further proceedings not inconsistent with the views herein expressed.