**Annelle HOUK, Plaintiff,**

v.

**SEI TECHNICAL SERVICES COMPANY, and SEI Information Services Company, Defendants.**

**No. C–C–86–162–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 1, 1987.

Leslie J. Winner, Ferguson, Stein, Watt, Wallas & Adkins, Charlotte, N.C., for plaintiff.

Max E. Justice, Margaret E. Whiteside, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER came on for trial during the January 1987 Civil Jury Term at Charlotte, North Carolina. Plaintiff Annelle Houk ("Houk") was represented by Attorneys Jonathan Wallas and Leslie J. Winner; Defendants SEI Technical Services Company and SEI Information Services Company (hereinafter referred to collectively as "SEI") were represented by Attorneys Max E. Justice and Margaret Whiteside Smith.

Houk claimed that SEI violated the Fair Labor Standards Act (hereinafter "FLSA" or "the Act"), 29 U.S.C. § 207(a), by failing

to pay her one and one-half times her regular wages for overtime hours which she worked as a technical editor of computer program manuals.

■ SEI contended that it acted on the good faith belief that Houk was exempt under 29 U.S.C. § 213(a)(1) and 29 C.F.R. § 541.3 *et seq.*, from the overtime provisions of the FLSA as a salaried, professional employee. To prevail on that defense, SEI had the burden of proving that Houk was both a salaried and a professional employee.

On January 14, 1987, the jury returned a verdict for Houk, finding that she was not a salaried employee, thus not exempted under the FLSA and its supporting regulations, and entitled to overtime compensation. The jury did not reach the issue of whether Houk was a "professional," since it determined that she was not salaried, and not within the first condition of the exemption.

The Court is now faced with the question of whether Houk is entitled to liquidated damages, and if so, how much. Title 29 U.S.C. § 216(b) provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, ... and in an additional equal amount as liquidated damages." Under the Portal-to-Portal Act, 29 U.S.C. §§ 251–262, the Court may lower this double damages award or decline to award liquidated damages altogether if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation...." 29 U.S.C. § 260. *Burnley v. Short*, 730 F.2d 136, 139–40 (4th Cir.1984). The employer has the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory ver-

dict." *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir.1960).

The parties filed Stipulations on January 12, 1987, including the stipulation that if Houk was deemed subject to the overtime provisions of the FLSA, the amount of overtime compensation due her would be $1,720.15.

Houk requests an equal amount in liquidated damages and argues that SEI cannot show that its failure to pay Houk overtime was done in subjective good faith and that it was objectively reasonable. Houk states that SEI was aware of the applicable overtime provisions as evidenced by its paying other employees time and one-half for hours worked over 40; and, when Houk complained to the payroll department and to the President of SEI that she was not being paid overtime, SEI did nothing to remedy the situation. Further, Houk showed that SEI deducted wages for time worked less than 40 hours per week, but failed to pay overtime for hours worked more than 40.

SEI does not contend that it was ignorant of the requirements of the FLSA, which, in any event, would not absolve its obligation to comply. *See, Burnley v. Short, supra* at 140; and *Williams v. Tri-County Growers*, 747 F.2d 121 (3d Cir. 1984). SEI contended at trial that it had reasonable grounds in treating Houk as exempt based upon the industry practice and two court decisions. In *Mitchell v. Kickapoo Prairie Broadcasting Company*, 182 F.Supp. 578 (W.D.Mo.1960), *rev'd in part on other grounds*, 288 F.2d 778 (8th Cir.1961), the court held that a news editor at a radio station was an exempt professional employee because he applied his specialized knowledge with discretion and judgment, and in *Rothstein v. Cannon & Sullivan*, 13 WH Cases 389 (S.D.Cal. 1957), the court held that a technical writer was exempt because his work was predominantly intellectual and discretionary. These cases may indeed be distinguishable from the instant case on the issue of whether Houk was a professional under the FLSA and applicable administrative regulations. That matter, however, is not

a question since the jury determined Houk was not exempt because she was not paid on a salary basis. SEI's reliance on these cases, as well as the practice in the industry, and SEI's reliance on Houk's master's degree in English in hiring her, does show, in the opinion of the Court, that some objective grounds existed for SEI to believe that a court would deem a person in Houk's position to be a professional.

With respect to SEI's subjective good faith in treating Houk as exempt, the Court is most concerned with how SEI could believe Houk was a salaried employee while at the same time deducting her wages for hours worked under 40. A salaried employee regularly receives a predetermined amount of compensation which is not subject to reduction because of the quality or quantity of the work performed. 29 C.F.R. § 541.118(a); *Donovan v. Carls Drug Company, Inc.,* 703 F.2d 650 (2d Cir.1983) (salaried professional employee may not be docked pay for fractions of a day of work missed). SEI contended that the deductions from Houk's pay were due to a clerical error of which it did not become aware until March, 1986, and upon discovering the error, it immediately offered to pay the amount due.

SEI sent Houk a check and letter on March 7, 1986, [Defendants' Exhibit No. 13], apologizing for the error. In that letter, SEI also requested that Houk sign a statement releasing any right she might have under the FLSA regarding that matter and acknowledging full satisfaction.

The Court cannot say that it is fully satisfied that SEI acted in good faith in considering Houk a salaried employee while deducting her wages for hours worked less than 40. SEI's attempted reimbursement for its error was conditioned upon Houk's release of her rights under the FLSA.

On the other hand, and in view of all the circumstances of this case, the Court believes it would be unfair to impose upon SEI the equivalent of double unpaid wages. The Court will, therefore, decrease the amount of liquidated damages to $500.00.

IT IS, THEREFORE, ORDERED that the Clerk enter judgment for Houk in the amount of Two Thousand Two Hundred Twenty and 15/100 ($2,220.15) Dollars, plus 6.04 percent interest from the date of judgment until paid, plus costs to be assessed by the Clerk.

IT IS FURTHER ORDERED that counsel for Houk submit to the Court no later than April 15, 1987 an affidavit of time and costs spent on this case for a determination of reasonable attorney's fees.